UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN KENNETH GROSS and DOES 1-10,<br><br>　　　　Defendants. | CIV. NO. 2:14-02242 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS |

----oo0oo----

Plaintiff Scott Johnson is a quadriplegic and brought this action based on barriers he encountered at Accurate Auto Body, which is owned and operated by defendant Brian Kenneth Gross. Plaintiff alleged violations of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, and the California Disabled Persons Act. The parties settled the case and defendant agreed plaintiff was entitled to reasonable attorney's fees and costs, as to be determined by the court. Presently before the court is plaintiff's motion for attorney's

1

fees and costs.  (Docket No. 24.)  Defendant failed to file a timely statement of opposition as required by Eastern District Local Rule 230(c).  The hearing date of June 27, 2016 is therefore vacated pursuant to Eastern District Local Rule 230(c) and the court takes plaintiff's motion under submission without oral argument.[1]

"The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party."  Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002); see also 42 U.S.C. § 12205.  The court may also award attorney's fees to the prevailing party under the California Unruh Civil Rights Act.  Cal. Civ. Code §§ 52(a), 55.  A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

---

[1] Eastern District Local Rule 230(c) requires that an opposition be filed not less than fourteen days preceding the noticed hearing date.  It further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  In this case, defendant did not file an opposition until June 21, 2016--only six days before the hearing date.  (Def.'s Opp'n (Docket No. 27).)  Defendant therefore is not entitled to be heard in opposition at the June 27, 2016 hearing.

Even if the court were to consider defendant's untimely opposition, it would not change the court's analysis.  Defendant argues that plaintiff should be awarded attorney's fees of only $7,500 because this was a "straightforward" ADA case that settled without court time, depositions, or expert discovery and defendant's attorney's fees were no more than $4,000.  (Id. at 2.)  Defendant fails, however, to specifically contest any hours reported in plaintiff's billing summary or the hourly rates requested by plaintiff's counsel.

2

1 |         The court calculates a reasonable amount of attorney's
2 | fees by following a two-step process.  First, the court
3 | determines the lodestar calculation--"the number of hours
4 | reasonably expended on the litigation multiplied by a reasonable
5 | hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).
6 | Second, the court may adjust the lodestar figure "pursuant to a
7 | variety of factors."  Gonzalez v. City of Maywood, 729 F.3d 1196,
8 | 1209 (9th Cir. 2013); see also Kerr v. Screen Guild Extras, Inc.,
9 | 526 F.2d 67, 70 (9th Cir. 1975) (enumerating factors on which
10 | courts may rely in adjusting the lodestar figure).  There is a
11 | strong presumption, however, that the lodestar amount is
12 | reasonable.  Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4
13 | (9th Cir. 2000).
14 |         In determining the size of an appropriate fee award,
15 | the Supreme Court has emphasized that courts need not "achieve
16 | auditing perfection" or "become green-eyeshade accountants."  Fox
17 | v. Vice, 563 U.S. 826, 838 (2011).  Rather, because the
18 | "essential goal of shifting fees . . . is to do rough justice,"
19 | the court may "use estimates" or "take into account [its] overall
20 | sense of a suit" to determine a reasonable attorney's fee.  Id.
21 |    A.   Lodestar Calculation
22 |         1.   Hours Reasonably Expended
23 |         Plaintiff submitted a billing summary itemizing the
24 | time spent by attorneys Mark Potter, Phyl Grace, Dennis Price,
25 | Amanda Lockhart, and Christina Sosa on this case.  (Pl.'s Mot.
26 | for Att'y's Fees ("Pl.'s Mot.") Ex. 2 ("Billing Summary") (Docket
27 | No. 24-3).)  Plaintiff requests a total of $11,050 in attorney's
28 | fees for forty-three hours of work.  (Id. at 1.)  The billing

3

summary shows Potter billed 21.8 hours, Grace 13.3 hours, Price 1 hour, Lockhart 3.8 hours, and Sosa 3.1 hours.  (Id.)

Of the 21.8 hours claimed by Potter, eight hours are estimated time for reviewing the opposition, drafting a reply brief, and attending oral argument on the pending motion for attorney's fees and expenses.  (Id. at 3.)  Given that no reply brief was filed and Potter did not have to expend any time preparing for or attending oral argument since the court determined that oral argument was unnecessary and vacated the hearing, the court will reduce Potter's hours by five.  Accordingly, the court finds that Potter reasonably expended 16.8 hours and, together, the plaintiff's attorneys reasonably expended a total of 38 hours.

2. Reasonable Hourly Rate

The court must multiply the reasonable hours expended in this litigation by a reasonable hourly rate to calculate the lodestar amount.  To determine the reasonableness of the hourly rates claimed, the court looks to "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 866, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210–11 (9th Cir. 1986).  In general, "the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).  The burden is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum,

4

465 U.S. at 895 n.11.

Plaintiff's counsel seeks hourly rates of $300 for Potter, $250 for Grace, and $150 for Price, Lockhart, and Sosa. All of the attorneys practice at the Center for Disability Access ("CDA"). Potter is the founder of CDA and a managing partner with almost twenty years of experience with disability issues, Grace is an experienced associate with twenty years of experience and nine in disability access litigation, and Price, Lockhart, and Sosa are junior associates. (Pl.'s Mot. at 3-5; Potter Decl. ¶¶ 5-9 (Docket No. 24-2).) In several recent cases this court has found the hourly rates of $300 for Potter and $150 for junior associates reasonable for disability access cases in the Sacramento legal community. See, e.g., Johnson v. Wayside Prop., Inc., Civ. No. 2:13-1610 WBS AC, 2014 WL 6634324, at *8 (E.D. Cal. Nov. 21, 2014), appeal voluntarily dismissed, No. 14-17479 (9th Cir. Apr. 27, 2015); Johnson v. Allied Trailer Supply, Civ. No. 2:13-1544 WBS EFB, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014). For the reasons enumerated in this court's prior orders, the court finds these same rates reasonable for partner Potter and junior associates Price, Lockhart, and Sosa in this case.

With regard to Grace, the court has previously awarded an hourly rate of $175 based on her status as an associate and years of work experience. Id. This hourly rate is on the higher end for associates in Sacramento. Id. In these same cases, however, the court awarded Raymond Ballister, an associate with thirty-one years of experience and ten years exclusive to disability access cases, an hourly rate of $260. Wayside Property, Inc., 2014 WL 6634324, at *8. This hourly rate is

5

comparable to that of a junior partner.  Id.  Given that Grace now has more than twenty years of experience with nine years exclusive to disability access cases, the court acknowledges that she should receive a rate similar to that of Ballister.  (Potter Decl. ¶ 6.)  The court will therefore grant the requested hourly rate of $250 for Grace.  See also Johnson v. Kamboj LLC, Civ. No. 2:14-00561 MCE AC, 2016 WL 1043719, at *3 (E.D. Cal. Mar. 16, 2016) (granting Grace an hourly rate of $250 in a similar ADA case).

Accordingly the lodestar in this case is $9,550, calculated as follows:

| | | | | | |
|---|---|---|---|---|---|
| Potter: | 16.8 | x | $300 | = | $5,040.00 |
| Grace: | 13.3 | x | $250 | = | $3,325.00 |
| Price: | 1 | X | $150 | = | $150.00 |
| Lockhart: | 3.8 | x | $150 | = | $570.00 |
| Sosa: | 3.1 | x | $150 | = | $465.00 |
| | | | | | $9,550.00 |

Because plaintiff does not seek a multiplier or reduction to the lodestar and there is "strong presumption that the lodestar amount is reasonable," Fischer, 214 F.3d at 1119 n.4, the court finds that no further adjustment to the lodestar is warranted.

B. Costs

Under the ADA, a court may award litigation expenses and costs.  Lovell, 303 F.3d at 1058; 42 U.S.C. § 12205.  Plaintiff seeks $635 in costs.  This includes investigation costs of $200, a $400 filing fee, and service costs of $35.  (Pl.'s Mot. at 13; Billing Summary at 1.)  Plaintiff did not submit

individual billing entries for the investigator.  Defendant does not object to these costs and the court will therefore award them to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees be, and the same hereby is, GRANTED in part. Defendant is directed to pay plaintiff $9,550 in attorney's fees and $635 in costs.

Dated:  June 23, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE